UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| DAVID W. SWANBERG, ) | |
| ) | |
| Defendant ) | 05 10115 WGY |

**COMPLAINT FOR MONEY JUDGMENT**   MAGISTRATE JUDGE _____

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney, and Christopher Donato, Assistant United States Attorney, states for its complaint as follows:

1. The Court has jurisdiction over this action under 28 U.S.C. 1345. Venue is proper because the Defendant resides in this District.

2. Plaintiff is the United States of America, which brings this action on behalf of the Farm Service Agency, United States Department of Agriculture (hereinafter "FSA"), which has an office at 445 West Street, Amherst, Massachusetts.

3. Defendant David W. Swanberg is an adult individual who resides at 199 Pleasant Street, Pembroke, Massachusetts 02359.

4. Defendant is indebted to FSA on account of two loans made pursuant to the Consolidated Farm and Rural Development Act in the original amounts of $53,700 in 1983 and $80,000 in 1988, respectively. The loans were reamortized several times, and they are currently evidenced by two promissory notes, both dated June 23, 1992, in the respective face amounts of

$72,499.64 and $93,939.68. Copies of the promissory notes are attached hereto as Exhibit A and Exhibit B.

5. The loans were secured by real estate and chattels, but no security remains. All proceeds of security have been applied to reduce the debt.

6. Defendant defaulted on the promissory notes by failing to make payments when due, and FSA accelerated his account on May 3, 2002.

7. The amount due and owing on Defendant's account as of September 15, 2004 totaled $408,783.53, with interest from that date at the rate of $42.6272 per diem, as more fully set forth in the affidavit of indebtedness attached hereto as Exhibit C.

WHEREFORE, the United States of America demands that the amount due and owing on the promissory notes be determined; that judgment be entered against the Defendant for the amount owed on the promissory notes plus interest and costs of this action; and that the Court such other and further relief as seems just.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Christopher R. Donato

CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

DATE: January 18, 2005

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

**EXHIBIT A**

| KIND LOAN | | |
|---|---|---|
| Type: __FO__ | ☐ Regular | |
| | ☒ Limited Resource | |
| Pursuant to: | | |
| ☒ Consolidated Farm & Rural Development Act | | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | | |

## PROMISSORY NOTE

| Name | | |
|---|---|---|
| David W. Swanberg | | |
| State | County | ACTION REQUIRING NOTE |
| MASSACHUSETTS | PLYMOUTH | ☐ Initial loan   ☐ Rescheduling |
| Case No. | Date | ☐ Subsequent loan   ☒ Reamortization |
| 25-18-▮▮▮▮5539 | JUNE 23, 1992 | ☐ Consolidated & subsequent loan   ☐ Credit sale   ☐ Deferred payments |
| Fund Code | Loan No. | ☐ Consolidation   ☐ Debt write down |
| 41 | 13 | ☐ Conservation easement |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __7 TOWN SQUARE, PLYMOUTH, MASSACHUSETTS 02360__

_____, or at such other place as the Government may later designate in writing, the principal sum of

__SEVENTY-TWO THOUSAND FOUR HUNDRED NINETY-NINE AND 64/100__ ------------------- dollars

($__72,499.64__), plus interest on the unpaid principal balance at the RATE of

__FIVE__ percent (__5.0__ %) per annum and

__NA__ dollars ($__NA__)
of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __32__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ 1897.00 | on 1/1/93 | ;$ 2691.00 | on 1/1/94 ; |
| $ 2691.00 | on 1/1/95 | ;$ 2691.00 | on 1/1/96 ; |
| $ 2691.00 | on 1/1/97 | ;$ 5111.00 | on 1/1/98 ; |
| $ NA | on | ;$ NA | on ; |
| $ NA | on | ;$ NA | on ; |
| $ NA | on | ;$ NA | on ; |

and $ __5111.00__ thereafter on __1/1__ of each __YEAR__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __31__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 41-08 | $ 66617.06 | 5.0 % | 5/24, 1990 | David W. Swanberg | 5/24, 2024 |
| 41-06 | $ 62048.30 | 5.0 % | 7/27, 1988 | David W. Swanberg | 7/27, 2023 |
| 41-02 | $ 53700.00 | 10.75 % | 8/24, 1983 | David W. Swanberg | 8/24, 2023 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_____
DAVID W. SWANBERG    (Borrower)

199 Pleasant St.
Pembroke, MA

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

FmHA Instruction 1951-T
Exhibit A

Purpose: For use with the Disaster Set-Aside (DSA) Program, signed by the borrower and attached to the promissory note/assumption agreement.

Addendum to the Promissory Note/Assumption Agreement for the
Disaster Set-Aside Addendum

Date  12/20/94                              Case Number  25-018-▮▮▮▮5539

Name  DAVID W. SWANBERG

Promissory Note/Assumption Agreement:
   Fund Code    Loan No.    Date           Amount
     41           13        6/23/92      $72,499.64

This addendum amends the above described promissory note or assumption agreement to set forth the terms and conditions for set-aside of the installment described below.

    Disaster Designation Number.... S745
    Date of Scheduled Installment Set-Aside........ 1/1/94

    Amount of Installment Set-Aside:  Principal...$  1025.68
                                        Interest.....  2205.32
                                        Total.......$   3231.00

Any principal amount set-aside will continue to accrue interest at the same rate being charged the non-set-aside portion of the note.

This addendum does not change any of the terms or conditions of the promissory note/assumption agreement.

The undersigned borrower and any cosigners hereby agree to pay the installment being set-aside, plus any accrued interest on the principal amount set-aside, on or before the final due date of the loan, as set forth on the note or assumption agreement being amended.

If the promissory note/assumption agreement is later restructured through primary loan servicing, the addendum will automatically be considered cancelled and the amount set-aside will be included in the total debt restructured.

The undersigned borrower(s) understands that by signing this addendum he/she is agreeing to the withdrawal of any pending request for primary loan servicing. This withdrawal does not affect the undersigned's future eligibility for primary loan servicing.

_/s/ Dave Swanberg_
Borrower                                                            Borrower

                                                    oOo

(10-21-94)  SPECIAL PN

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

**EXHIBIT B**

## PROMISSORY NOTE

| KIND | LOAN |
|---|---|
| Type: OL | ☐ Regular |
| | ☒ Limited Resource |

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Name | |
|---|---|
| DAVID W. SWANBERG | |

| State | County |
|---|---|
| MASSACHUSETTS | PLYMOUTH |

| Case No. | Date |
|---|---|
| 25-18-▮▮▮▮5539 | June 23, 1992 |

| Fund Code | Loan No. |
|---|---|
| 41 | 14 |

ACTION REQUIRING NOTE
☐ Initial loan          ☐ Rescheduling
☐ Subsequent loan       ☒ Reamortization
☐ Consolidated &        ☐ Credit sale
  subsequent loan       ☐ Deferred payments
☐ Consolidation         ☐ Debt write down
☐ Conservation easement

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in __7 TOWN SQUARE, PLYMOUTH, MASSACHUSETTS 02360__

_____, or at such other place as the Government may later designate in writing, the principal sum of

__NINETY-THREE THOUSAND NINE HUNDRED THIRTY-NINE AND 68/100__ dollars

($ __93,939.68__ ), plus interest on the unpaid principal balance at the RATE of

__FIVE__ percent ( __5.0__ %) per annum and

__NA__ dollars ($ __NA__ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __37__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ __0.00__ on __1/1/93__ ; $ __0.00__ on __1/1/94__ ;
$ __0.00__ on __1/1/95__ ; $ __0.00__ on __1/1/96__ ;
$ __0.00__ on __1/1/97__ ; $ __6783.00__ on __1/1/98__ ;
$ __NA__ on _____ ; $ __NA__ on _____ ;
$ __NA__ on _____ ; $ __NA__ on _____ ;
$ __NA__ on _____ ; $ __NA__ on _____ ;
and $ __6783.00__ thereafter on __1/1__ of each __YEAR__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __36__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 41-07 | $ 85229.07 | 5.0 % | 5/24, 19 90 | David W. Swanberg | 5/24, 19 2028 |
| 41-04 | $ 80000.00 | 5.0 % | 7/1, 19 88 | David W. Swanberg | 5/24, 19 2028 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_____
DAVID W. SWANBERG      (Borrower)

199 Pleasant St.
Pembroke, MA

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |



EXHIBIT C

**FARM SERVICE AGENCY**
**445 WEST STREET**
**AMHERST, MA 01002**

RECEIVED SEP 2 1 2004

**INDEBTEDNESS AS OF 09/15/04**
**(PER ADPS)**

NAME: SWANBERG, DAVID W.

CASE NUMBER: 25-018-████5539

| FUND CODE/ LOAN NO. | DATE OF LAST PAYMENT | UNPAID PRINCIPAL | UNPAID INTEREST | DAILY INTEREST ACCRUAL | DELINQUENT AS OF: 09/15/04 |
|---|---|---|---|---|---|
| 41-13 | 04-23-03 | $ 72,287.81 | $ 41,194.16 | 9.9024 | $ 47,140.00 |
| Unamortized Cost Item Charged to Above Note | 04-23-03 | 144,952.03 | 47,156.27 | 19.8564 | 144,952.03 |
| 41-14 | 07-02-03 | 93,939.68 | 9,253.58 | 12.8684 | 1,489.17 |
|  |  | $311,179.52 | $97,604.01 |  |  |

███████

_Carrie Novak_
CARRIE L. NOVAK
Farm Loan Chief

Commonwealth of Massachusetts
                              ss.
County of Hampshire

On this 15th day of September, 2004, before me, the undersigned Notary Public, personally appeared Carrie L. Novak, proved to me through satisfactory evidence of identification, which was a Massachusetts Drivers License, to be the person whose name is signed on the preceding document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of here knowledge and belief.

_Jane Ann Rice_
JANE ANN RICE
Notary Public
My Commission expires January 29, 2010.

[Notary Seal: JANE ANN RICE, Notary Public, Commonwealth of Massachusetts, My Commission Expires Jan 29, 2010]

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
DAVID W. SWANBERG

FILED IN CLERKS OFFICE

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  2005 Jan Plymouth 25 23 16
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

U.S. DISTRICT COURT
DISTRICT OF MASS.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
CHRISTOPHER R. DONATO, AUSA
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA 02210
(617) 748-3303

Attorneys (If Known)

**05 10115 WGY**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [X] 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury – Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury – Product Liability | 625 Drug Related Seizure of Property 21 USC | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus: | | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | 740 Railway Labor Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 535 Death Penalty | 790 Other Labor Litigation | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | | 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. SECTION 1345   Default of government loan

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 408,783.53
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 1/18/05    SIGNATURE OF ATTORNEY OF RECORD Christopher R. Donato

FOR OFFICE USE ONLY
RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _United States_ _David W. Swanberg_

   FILED IN CLERKS OFFICE
   2005 JAN 18 P 3: 16
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)91)).

   ___ I.  160, 410, 470, r.23, REGARDLESS OF NATURE OF SUIT

   ___ II. 195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
           740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891

   _X_ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650,
           660, 690, 810, 861-865, 870, 871, 875, 900

   ___ V. 150, 152, 153

   **05 10115 WGY**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC § 2403)

   YES     (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?

   YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION - (SEE LOCAL RULE 40.1(D)).

   (YES)     NO

   A. IF YES, IN WHICH DIVSION DO ALL FO THE NON-GOVERNMENTAL PARTIES RESIDE?

   (EASTERN DIVISION)     CENTRAL DIVISION     WESTERN DIVISION

   A. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION     CENTRAL DIVISION     WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Christopher R. Donato,  Assistant United States Attorney___

ADDRESS ___U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210___

TELPHONE NO. ___617-748-3303___